**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2579
_____

LA'KEYA KEO,
                                    Appellant
v.

NORTH EASTERN REGIONAL POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1:25-cv-00125)
District Judge:  Honorable Julia K. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2025
Before:  KRAUSE, RESTREPO, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 4, 2025)
_____

OPINION[*]
_____

PER CURIAM

    La'Keya Keo filed a pro se civil rights complaint against the Northeastern

Regional Police Department (NRPD) in York, Pennsylvania. Keo raised claims related to

the efforts of two NRPD officers in effecting Keo's involuntarily commitment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The Magistrate Judge conditionally granted Keo leave to proceed in forma pauperis and issued a Report recommending that her complaint be dismissed, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The Magistrate Judge observed that the complaint lacked any factual allegations that would support a theory of liability for NRPD under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). Noting our sua sponte amendment rule, see, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), the Magistrate Judge recommended that Keo be provided an opportunity to correct her pleading deficiency.

Keo filed objections to the Report. The objections focused on the conduct of the commitment facility; none addressed the Monell issue as it pertained to NRPD.

The District Court overruled Keo's objections, adopted the Report, and dismissed Keo's complaint without prejudice to her filing of an amended complaint within twenty-one days. The District Court warned Keo that failure to timely file an amended complaint would result in a with-prejudice dismissal.

 The deadline passed without Keo filing an amended pleading. So, the District Court, as promised, entered an order of dismissal. It did so after consideration of the factors from Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Keo responded to the order of dismissal with a filing that was identical to her objections to the Report, with the exception of three additions: (1) a new title, calling the document "Amendment Complaint II"; (2) a new closing paragraph, in which Keo explained that her mail had been delayed; and (3) a new footnote, which asserted that Keo's pleading amendment was "completed" eight days before the deadline. DC ECF

No. 13 at 1, 5. The District Court liberally construed this filing as a timely amended complaint, then dismissed it under § 1915(e)(2)(B)(ii), because the amended complaint "contains fewer factual allegations against NRPD than originally asserted," and was still deficiently pleaded for the reasons set forth in the Magistrate Judge's Report. DC ECF No. 4–5. The District Court also determined that further amendment would be futile.

Keo timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The Magistrate and District Judges handled this litigation with patience, care, and an appropriate preference for merits resolution. As for the § 1915(e)(2)(B)(ii) ruling, we discern no errors below. Indeed, nothing in Keo's appellate brief persuades this Court to do anything other than agree with the analysis set forth in the District Court's July 28, 2025 memorandum order. We will thus affirm the judgment of the District Court.